UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:12-CR-34 |
| ) | (Phillips/Guyton) |
| ROBERT LEE CODY ) | |

## MEMORANDUM AND ORDER

On August 9, 2012, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed an 9-page Report and Recommendation (R&R) [Doc. 23] in which he recommended that defendant's motion to suppress evidence and statements obtained as a result of the warrantless search of the defendant's residence on January 23, 2012 [Doc. 15] be denied. Thus, Magistrate Judge Guyton recommended that the firearm seized on January 23, 2012, as well as defendant's statements made to police officers, be admitted at the trial of this matter on October 16, 2012.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 31]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Guyton's thorough analysis of the legal issues arising from the evidentiary hearing conducted by him on July 12, 2012. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to dismiss will be denied.

Defendant has been charged in a one-count indictment with possession of a firearm by a convicted felon. Defendant moves to suppress all items of physical evidence seized by the government on January 23, 2012, including the firearm which is the basis for the indictment, and all statements made by him, alleging that the warrantless search of his residence was in violation of his Fourth Amendment rights. The government responds that police responded to a 911 call, arrested defendant on a warrant, and then conducted a protective sweep of defendant's apartment for officer safety. During the protective sweep, officers found the firearm at issue. The government also states that defendant waived his *Miranda* rights and admitted ownership of the firearm.

At the hearing on the motion to suppress, the government presented the following facts: officers received a call from dispatch that defendant was at 2526 Parkview Avenue; that he had guns in the residence; that children were present in the residence, along with defendant's brother; and that defendant would run when confronted by police. Prior to arrival at the residence, officers ascertained that defendant had an outstanding arrest warrant. When officers knocked on defendant's door, he answered and was arrested and restrained. Officers could see three children in the apartment through the open door. Defendant's mother appeared and Officer Pickens asked her if he could "step in and talk to you about what's going on with your son right now?" She said, "sure, come in." Officer Pickens then entered the apartment and asked her if anyone else was in the residence. She said "no." Officer Pickens further testified that he then asked her if he could look around and make sure there was no one else inside the apartment, and she replied, "yeah, go ahead." Officers Pickens then did a protective sweep of the apartment. When he

looked in a closet, he saw the firearm in a closet. Officer Pickens asked defendant's mother, "Is this your stuff in this closet here," and she replied "no." Officer Pickens then asked her, "whose stuff is in this closet where the firearm is located?" and she said "that's his stuff." Officer Pickens testified that defendant, from outside, then said "that's mine." Officer Pickens testified that he cleared the apartment for officer safety because of the report in the dispatch call that there was another person in the house, as well as guns.

Officer Glen Morrell testified that when he arrived on the scene, defendant was in a police cruiser. Officer Morrell "Mirandized" defendant and asked him about the gun found in the residence. Officer Morrell testified that defendant agreed to answer questions and told the officer that he bought the gun "from a guy in Karns for $400."

Defendant has filed objections to the Magistrate Judge's (1) factual findings, (2) the recommendation that sufficient facts were presented by the government to justify the warrantless sweep of defendant's home, (3) the Magistrate Judge's reliance on facts derived from questionable officer testimony, (4) the Magistrate Judge's failure to consider relevant facts pertaining to defendant's argument, and (5) the Magistrate Judge's recommendation that the firearm and alleged statements by defendant should not be suppressed as fruit of the poisonous tree.

The Supreme Court has identified two types of warrantless protective sweeps of a residence that are constitutionally permissible immediately following an arrest. The first type allows officers to "look in closets and other spaces immediately adjoining the place

of arrest from which an attack could be immediately launched." *Maryland v. Buie*, 494 U.S. 325, 334 (1990). The second type of sweep goes beyond immediately adjoining areas but is confined to "such a protective sweep, aimed at protecting the arresting officers." *Id.* The first type of sweep requires no probable cause or reasonable suspicion, while the second requires "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* As a result, officers are authorized to search incident to the arrest, or as a precautionary matter and "without probable cause or reasonable suspicion . . . closets, and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Id.* With respect to the potential existence of assailants other than an arrested defendant, reviewing courts have found that reasonable possibilities that such persons are present and dangerous, as opposed to direct evidence may justify protective sweeps." *United States v. Archibald*, 589 F.3d 289, 299 (6th Cir. 2009). Reasonable belief is established by looking at common sense factors and evaluating the totality of the circumstances. *See United States v. Pruitt*, 458 F.3d 477, 482 (6th Cir. 2006).

Here, the officers were provided the following information: (1) defendant had guns in the house; (2) there were children in the house; (3) defendant would run when confronted by police; and (4) defendant's brother was present in the house. Based on the totality of the circumstances known to the officers at the time they arrested defendant, the undersigned agrees with the Magistrate Judge that the protective sweep conducted by officers did not violate defendant's Fourth Amendment rights, because it was necessary to

ensure the officers' safety. The reported presence of defendant's brother in the house, along with firearms, could lead the officers to reasonably fear for their own safety. I agree with the Magistrate Judge that because the protective sweep occurred in the course of a lawful arrest and was supported by specific and articulable facts, defendant's motion to suppress is without merit.

Next, the court will address the Magistrate Judge's finding that defendant's statement to police officers regarding his ownership of the firearm was voluntary and not the result of questioning by police. Defendant does not state any specific objections to the Magistrate Judge's findings. In the absence of specific objections, the court may adopt conclusions reached by the Magistrate Judge without discussion. *See Thomas v. Arn,* 474 U.S. 140- 149 (1985). The Magistrate Judge credited the testimony of Officer Morrell who testified that defendant was read his *Miranda* rights and validly waived them prior to his statements regarding ownership of the firearm. The court will defer to the credibility finding by the Magistrate Judge who had an opportunity to evaluate the demeanor and consistency of the witness' testimony. *See United States v. Simmons*, 174 Fed.Appx. 913 (6th Cir. 2006).

Having reviewed the record and the briefs of the parties, the court is not persuaded that the Magistrate Judge erred in his findings. For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 24] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 23] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress

evidence and statements obtained as a result of the warrantless search of the defendant's residence on January 23, 2012 [Doc. 15] is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge